UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ESTATE OF WILLIAM A. STEWART, JR.,        Case No.: 10 CIV. 2632 (LTS)
                                          ECF Case

                     Plaintiffs,

   -against-

SUGAR HILL MUSIC PUBLISHING,
LTD., DIAMOND HEAD MUSIC,
INC. d/b/a TWENTY NINE BLACK
MUSIC, JOEY ROBINSON, SYLVIA
ROBINSON and LELAND ROBINSON,

                     Defendants.

-----------------------------------------------------------X

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS'
## <u>MOTION FOR SUMMARY JUDGMENT</u>

CINQUE & CINQUE, P. C.
Attorneys for Defendants
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax:    (212) 759-7737
Email:      CINQUE845@aol.com

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| POINT I - THE FAILURE TO PROVIDE MR. MALLISON'S CONTACT INFORMATION WAS INADVERTENT | 1 |
| POINT II - PLAINTIFF CANNOT ENFORCE CONTRACTS IT HAS DENIED ENTERING INTO | 3 |
| POINT III - THE COPYRIGHT ACT IS INAPPLICABLE TO THE FOREIGN ACTIVITIES OF SUGAR HILL'S SUB-PUBLISHERS | 6 |
| POINT IV - PLAINTIFF IS NOT ENTITLED TO RESCISSION | 8 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

| Case | Page |
|---|---|
| Armstrong v. Virgin Records, Ltd., 91 F. Supp.2d 628 (S.D.N.Y. 2000) | 6 |
| Astroworks, Inc. v. Astroexhibit, Inc., 257 F.Supp.2d 609 (S.D.N.Y. 2003) | 4 |
| Kaplan v. Aspen Knolls Corp., 290 F.Supp.2d 335 (E.D.N.Y. 2003) | 4 |
| Omega Executive Services, Inc. v. Grant, 1980 WL 1432 (S.D.N.Y.) | 4 |
| Richard Feiner & Co., Inc. v. BMG Music Spain, S.A., 2003 WL 740605 (S.D.N.Y.) | 7 |
| Robert Stigwood Group, Ltd. v. O'Reilly, 530 F.2d 1096 (2nd Cir. 1976) | 7 |
| Rule v. Brine, Inc., 85 F.3d 1002 (2nd Cir. 1996) | 5 |
| Subafilms, Ltd. v. MGM-Pathe Communications Co., 24 F.3d 1088 (9th Cir. 1994) | 6 |
| The Ernest M. Munn, 66 F. 356, 358 (1895) | 10 |
| Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67 (2nd Cir. 1988) | 7 |
| West Tsusho Co., Ltd. v. Prescott Bush & Co., Inc., 1993 WL 228072 (S.D.N.Y.) | 4 |

| Authorities | |
|---|---|
| Federal Rule of Civil Procedure 37 | 2 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ESTATE OF WILLIAM A. STEWART, JR.,   Case No.: 10 CIV. 2632 (LTS)
                                     ECF Case

                      Plaintiffs,

   -against-

SUGAR HILL MUSIC PUBLISHING,
LTD., DIAMOND HEAD MUSIC,
INC. d/b/a TWENTY NINE BLACK
MUSIC, JOEY ROBINSON, SYLVIA
ROBINSON and LELAND ROBINSON,

                      Defendants.

------------------------------------------------------------X

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

This memorandum is submitted by defendants in reply to the memorandum submitted by plaintiff in opposition to defendants' motion for summary judgment.

### POINT I

### THE FAILURE TO PROVIDE MR. MALLISON'S CONTACT INFORMATION WAS INADVERTENT

As explained by Mr. Robinson in his declaration, the Agreement among Mr. Stewart, Sugar Hill and Lavaba Mallison was not located until the litigation was several

months old. Immediately after it was located, a copy of the Agreement was provided to plaintiff's counsel. In defendants' answers to interrogatories, the identity of Mr. Mallison was divulged as a potential witness, but at that time defendants did not have any contact information for him.

At his deposition conducted this September, Mr. Robinson testified that he had reached Mr. Mallison a couple of months earlier and Mr. Robinson agreed to provide plaintiff with Mr. Mallison's contact information. However, approximately two weeks after Mr. Robinson's deposition his mother passed away and Mr. Robinson forgot that he had agreed to provide Mr. Mallison's information. No effort to follow up on this request was made by plaintiff, and Mr. Robinson has now provided the contact information he had for Mr. Mallison.

Federal Rule of Civil Procedure 37 requires as a pre-requisite to any discovery motion that the movant include a certification that she "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This Court's Individual Practices Rule 2(B) similarly states that "the parties must use their best efforts to resolve informally the matters in controversy," including "an exchange of letters outlining their respective legal and factual positions on the matters and at least one telephonic or in person discussion of the matters." Plaintiff never reminded defendants of Mr. Robinson's promise, and had it done so the information would have been promptly provided since it was merely an

oversight. As defendants did not intentionally withhold Mr. Mallison's contact information and as plaintiff did not attempt to resolve this issue, there should be no restrictions on the use of Mr. Mallison's declaration, especially where his identity was disclosed early in the litigation.

## POINT II

## PLAINTIFF CANNOT ENFORCE CONTRACTS IT HAS DENIED ENTERING INTO

Plaintiff has consistently taken the position throughout this litigation that it never entered into any agreements with defendants: in its original complaint, amended complaint, and deposition. At the conclusion of discovery defendants served contention interrogatories asking whether plaintiff contended that Stewart executed the Assignment and Agreement, and after Magistrate Judge Cott directed yes or no responses to these interrogatories[1] plaintiff unequivocally stated its contentions that Stewart did not execute either document. Having admitted consistently that Stewart did not sign any agreements, plaintiff has no basis to enforce these non-existent agreements.

Plaintiff's argument that it is entitled to plead inconsistent theories ignores several crucial facts. First, while different "theories" may be pled, different facts may not be. As

---

[1] Magistrate Judge Cott's October 26, 2011 Order (Ex. 7 to the Adelman December 9, 2011 declaration) did not rule that plaintiff's answers to contention interrogatories would not be binding, as argued by plaintiff: "the parties remain free to make any arguments on summary judgment and at trial with respect to the issues raised in these interrogatories." Previously this Court had itself ruled that this issue could be raised on summary judgment (Docket No. 58).

3

held in Astroworks, Inc. v. Astroexhibit, Inc., 257 F.Supp.2d 609, 616 (S.D.N.Y. 2003): "A complaint may not allege inconsistent facts – e.g., whether there was an agreement - because facts are binding judicial admissions." This is not a case where the parties differ as to whether a document constitutes a contract. Plaintiff has unequivocally taken the position that Stewart did not sign any agreement with defendants. It may not now argue that it is entitled to summary judgment based upon any agreements. The distinction between inconsistent theories and inconsistent facts was succinctly set forth in West Tsusho Co., Ltd. v. Prescott Bush & Co., Inc., 1993 WL 228072 (S.D.N.Y.) at *5:

> While a party may plead inconsistent theories, it may not allege inconsistent facts within its own knowledge.

See also: Kaplan v. Aspen Knolls Corp., 290 F.Supp.2d 335, 339 (E.D.N.Y. 2003): "a complaint may not allege inconsistent facts, e.g., whether or not there was an agreement, because allegations of fact are binding judicial admissions...." Indeed, the case relied upon by plaintiff, Omega Executive Services, Inc. v. Grant, 1980 WL 1432 (S.D.N.Y.), actually supports defendants' argument. While the decision noted that inconsistent legal theories could be pleaded, it held that this could occur only when:

> the factual contentions underlying these claims are consistent. Underlying both claims is Omega's contention that the parties entered into a contract to purchase Talcott stock. Id. at *2.

Here, however, the copyright infringement claim is based upon the contention that there

4

were no agreements between Stewart and defendants, while Counts 7, 8 and 9 seek to enforce contracts between Stewart and defendants. As the factual contentions underlying the claims are totally inconsistent, the cases cited by plaintiff are inapposite.

Second, plaintiff overlooks the fact that the matter has passed the pleading stage. The cases cited in defendants' memorandum at page 15, hold that, since summary judgment is the procedural equivalent of a trial, an election of remedies is made at this stage. This is especially true here, where plaintiff has moved for summary judgment on its copyright infringement claim, which is based upon the premise that there is no agreement between the parties. Having so moved plaintiff has elected its copyright infringement remedy and may not simultaneously take the position that there are indeed agreements between the parties.

Third, the decision in Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2nd Cir. 1996), is distinguishable since the holding was limited to a situation where a plaintiff asserted both breach of contract and *quantum meruit* claims:

> Where the complaint asserts claims on theories of both contract and quantum meruit and there is a genuine dispute as to the existence of a contract, the plaintiff need not make a pretrial election between these theories; he is entitled to have the case submitted to the jury on both theories.

A plaintiff who asserts the existence of a contract between the parties is permitted to have a fall back position of *quantum meruit* in the event that a jury determines that the writings do not constitute a contract. The case at bar is different, as plaintiff is asserting that there

is no writing which would constitute an agreement between the parties.

As plaintiff has asserted that Stewart never entered into any agreements with defendants, plaintiff is precluded from asserting now on summary judgment or later at trial that defendants breached any agreements with Stewart.

## POINT III

### THE COPYRIGHT ACT IS INAPPLICABLE TO THE FOREIGN ACTIVITIES OF SUGAR HILL'S SUB-PUBLISHERS

Plaintiff's argument at page 9 of its memo, that the Copyright Act is applicable since defendants "authoriz[ed] their sub-publisher to do activities," is without foundation. In Subafilms, Ltd. v. MGM-Pathe Communications Co., 24 F.3d 1088, 1095 (9th Cir. 1994), the 9th Circuit specifically held that the mere authorization in the United States of alleged infringement abroad does not state a claim arising out of the Copyright Act:

> Accordingly, accepting that wholly extraterritorial acts of infringement cannot support a claim under the Copyright Act, we believe that the Peter Starr court, and thus the panel in this case, erred in concluding that the mere authorization of such acts supports a claim for infringement under the Act.

This holding has been applied in the Southern District, as noted in Armstrong v. Virgin Records, Ltd., 91 F. Supp.2d 628, 634 (S.D.N.Y. 2000):

> it is now generally accepted that there can be no liability under the Copyright Act for authorizing an act that itself could not constitute infringement of rights secured by United

6

> States law. *See Subafilms, Ltd. v. MGM-Pathe Communications Co.,* 24 F.3d 1088, 1093-94 (9th Cir.1994); *see also Fun-Damental Too,* 1996 WL 724734, at *6 (holding that "mere authorization and approval of copyright infringements taking place outside the United States is not a copyright violation and does not create jurisdiction over those extraterritorial acts"); *PrimeTime, 24 Joint Venture,* 1999 WL 163181, at *4 (indicating court's acceptance of 9th Circuit's position in Subafilms ).

The cases cited by plaintiff are inapposite since they involved an act other than authorization in the United States of allegedly infringing activity abroad: Richard Feiner & Co., Inc. v. BMG Music Spain, S.A., 2003 WL 740605 (S.D.N.Y.) at *2 - "it is alleged that BMG Spain was able to produce discs only by copying a master copy of the recordings from the New York offices of co-defendant;" Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 73 (2nd Cir. 1988) - "If the illegal reproduction of the poster occurred in the United States and then was exported to Israel, the magistrate properly could include damages accruing from the Israeli newspapers;" and Robert Stigwood Group, Ltd. v. O'Reilly, 530 F.2d 1096, 1101 (2nd Cir. 1976) - "The steps taken by the defendants preliminary to the Canadian performances were certainly not the 'manufacture' of anything." As the record here discloses that defendants only entered into agreements with foreign sub-publishers for foreign licensing, there is no basis upon which defendants can be held to have violated the U.S. Copyright Act.

7

## POINT IV

## PLAINTIFF IS NOT ENTITLED TO RESCISSION

None of the arguments advanced by plaintiff in opposition to defendants' motion for summary judgment on the rescission claim is valid.

Plaintiff acknowledges, as it must, that in order to rescind an agreement there must be a total failure to pay royalties. Here, $2,500.00 was paid as an advance, and since Sugar Hill collected $30,000.00, $18,000.00 would be due plaintiff since plaintiff is entitled to 60% of the money collected by Sugar Hill. Sugar Hill therefore paid plaintiff 14% of the monies due it. In addition, as explained in defendants' moving papers, they are entitled to a credit in the amount of the monies wrongfully collected by Stewart (in excess of $40,000.00). Therefore, there has not been a total failure of consideration and this necessary element of the claim is lacking.

Plaintiff's argument, that it can collect monies and not owe anything to Sugar Hill and Mr. Mallison, is totally negated by the Assignment, which plaintiff completely overlooks. As stated by Mr. Robinson, under the terms of the Assignment, all income generated by "No Diggity" was payable to Sugar Hill. Under the terms of the Agreement, Sugar Hill was to pay 60% of this money to Stewart and 20% to Mallison. Even plaintiff's expert Jay Berger agreed that, under the terms of the Assignment, all income was payable to Sugar Hill:

> Q. Assuming again that Mr. Stewart signed this document,

8

> number one, page number one [the Assignment], who would collect his publishing income?
>
> A. Sugar Hill Music Publishing.

(Exhibit A to Cinque Reply Dec., p. 23).

Mr. Berger also testified that, reading the Assignment and the Agreement togther, Sugar Hill was to collect 100% of the money and pay Mr. Stewart 60%:

> Q. Then what would your opinion be as to what those two documents mean?
>
> A. If this Assignment is valid, in conjunction with this agreement, Sugar Hill would collect 100% of the composition royalties and pay to Mr. Stewart 60%.

(Id. pp. 24-25).

Rescission is also unavailable since Mr. Mallison has not been named as a party. Plaintiff argues at page 19 n. 23 of its memorandum that "together the alleged Assignment and the alleged Publishing Agreement are one agreement and must be read together." The Agreement is signed by Mr. Mallison, who is entitled to 20% of the "No Diggity" income thereunder. As a signatory to the Agreement subject to the rescission action and as a person entitled to 20% of the income due thereunder, Mr. Mallison must be named as a party. Plaintiff's failure to do so precludes the maintenance of a rescission claim.

In addition, plaintiff has steadfastly refused to restore the monies it has received

since the date of the Assignment (May 25, 1999). Therefore another necessary element of rescission claim is lacking. Even the decision cited by plaintiff, The Ernest M. Munn, 66 F. 356, 358 (1895), supports defendants' argument:

> it was a condition precedent to rescission that he should restore or offer to restore the money he received under it.

## CONCLUSION

For the foregoing reasons defendants' motion for summary judgment should in all respects be granted.

DATED: NEW YORK, NEW YORK
        DECEMBER 22, 2011

CINQUE & CINQUE, P. C.

By: _____
James P. Cinque (JPC-3673)
Attorneys for Defendants
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax:   (212) 759-7737
Email:     CINQUE845@aol.com