UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ESTATE OF WILLIAM A. STEWART, JR.,

        Plaintiff,

  -v-                                             No. 10 Civ. 2632 (LTS)(JLC)

SUGAR HILL MUSIC PUBLISHING
LTD., et al.,

        Defendants.
-------------------------------------------------------x

MEMORANDUM OPINION

        Defendants have moved for reconsideration of the portion of the Court's September 28, 2012, Order ("September 28 Order") excluding the testimony of Gary Cohen ("Cohen") and granting summary judgment dismissing Defendants' counterclaim. For the following reasons, Defendants' motion is granted in part and denied in part.

BACKGROUND

        In its motion for summary judgment, Plaintiff offered numerous criticisms of Cohen's reliability and methodology, including – but not limited to – his unjustified assumption that BMI collected 100% of foreign royalties, his admission that he did not actually read documents included on his list of "Documents Reviewed," his failure to inquire as to the source of the documents he reviewed (an admitted deviation from standard practice), his reliance on certain royalty summaries prepared by Defendants and his failure to review the underlying documents, and his failure to consider actual sales of "No Diggity."

        Defendants' only response to these criticisms was a short declaration from Cohen in which he asserts that he read certain documents "relating to 'No Diggity' monies paid to

[Plaintiff] and also to defendants," and that he reviewed royalty statements sent by third-parties to Plaintiff." (Declaration of Gary Cohen ¶ 4, docket entry no. 89.) He stated that "[n]o estimates were made in connection with [his] computations, as [he] simply added up what was paid to plaintiff in 'No Diggity' income and multiplied this amount" by the percentage he believed Defendants were due under the Agreement and Assignment.

In its September 28 Order, the Court found that Cohen's testimony was unreliable under the standard set forth in Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), citing his "uncritical[] rel[iance] on Defendants' representations regarding the amount to which Defendants were entitled under the Assignment and Agreement," his failure to review the underlying documents Defendants used when preparing royalty summaries, and his unexplained assumption "that certain companies were collecting 100% of the foreign performance royalties for exploiting 'No Diggity.'" (September 28 Order at 14.) The Court further found that Cohen's report and testimony constituted the only competent evidence Defendants had adduced for damages it suffered in connection with its counterclaim and granted summary judgment dismissing the counterclaim.

DISCUSSION

The standard of review for a motion for reconsideration, found in Local Civil Rule 6.3, is the same as that under Federal Rule of Civil Procedure 59(e). Local Civ. R. 6.3; Fed. R. Civ. P. 59(e); Williams v. N.Y. City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003). The movant bears the heavy burden of demonstrating that the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion." Mina Inv. Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245 (S.D.N.Y. 1999). Moreover, Local Rule 6.3 generally precludes a movant from "advancing new facts, issues or arguments not previously

presented to the court." United States v. Tillman, 07 Cr. 1209(LTS), 2009 WL 1270301, at *1 (S.D.N.Y. May 6, 2009) (internal quotations omitted). A motion for reconsideration is "not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). Nor is it a chance for a party to take a "second bite at the apple." Rafter v. Liddle, 288 Fed. App'x 768, 769 (2d Cir. 2008).

In the motion for reconsideration, Defendants contend that the Court overlooked evidence sufficient to calculate Defendants' counterclaim damages – specifically, the third-party royalty statements rendered to Plaintiff. Defendants argue that calculating the damages requires nothing more than adding up these royalty statements – a "mathematical calculation [that] could be done by anyone." (Defs' Memo. at 9.) The Court agrees that the statements, if properly authenticated, constitute competent evidence that a jury could use to calculate the value of the counterclaim. Accordingly, it grants Defendants' motion to the extent that it seeks reconsideration of the Order's dismissal of the counterclaim, and will vacate the Order to that extent.

Defendants also argue that Cohen should be able to testify as to other matters – specifically, "income from inception through 2003" and "foreign performance income" – that Defendants claim were not afflicted by the methodological shortcomings that the Court identified in its September 28 Order. This position is meritless for two reasons. First, the September 28 Order did fault Cohen for failing to justify his assumptions about foreign royalty income. Second, Defendants have never responded to any of the other myriad criticisms Plaintiff leveled against Cohen in their motion for summary judgment – criticisms that call Cohen's reliability as an objective expert into question. Accordingly, the Court finds that

Defendants have failed to meet their burden for reconsideration and denies Defendants' request to permit Cohen to testify on "other issues."

## CONCLUSION

Defendants' request that the Court reconsider its ruling granting summary judgment dismissing their counterclaim is granted. The Court's September 28, 2012, Order is vacated to the extent that it dismissed Defendants' counterclaim and the counterclaim is hereby reinstated. Defendants' motion for reconsideration is denied in all other respects. This Memorandum Order resolves docket entry no. 105.

SO ORDERED.

Dated: New York, New York
April 8, 2013

/S
LAURA TAYLOR SWAIN
United States District Judge